**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN DE LOERA JIMENEZ,<br><br>                  Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                  Respondent. | No.   16-73485<br><br>Agency No. A044-125-516<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Juan de Loera Jimenez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeal's ("BIA") order dismissing an appeal from an

immigration judge's decision denying his application for deferral of removal under

the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Jimenez's contention that the agency erred in determining that his criminal conviction constituted a particularly serious crime because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Jimenez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**